| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street<br>Centennial CO 80112<br>(303) 649-6355 | EFILED Document<br>CO Arapahoe County District Court 18th JD<br>Filing Date: Jun 14 2011 8:33AM MDT<br>Filing ID: 38124154<br>Review Clerk: Janet Hanes<br>▲ COURT USE ONLY ▲ |
|---|---|
| Plaintiff: DIANE DAVID<br>v.<br>Defendant: SIRIUS COMPUTER SOLUTIONS<br><br>Attorneys for Plaintiff:<br><br>Name: Darold W. Killmer, #16056<br>        Sara J. Rich, #36904<br>Address: 1543 Champa Street Suite 400<br>        Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>E-mail: dkillmer@KLN-Law.com<br>      srich@KLN-Law.com | Case Number:<br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Diane David, by and through her attorneys, Darold W. Killmer and Sara J. Rich, of KILLMER, LANE & NEWMAN, LLP, hereby files her Complaint and Jury Demand and respectfully alleges as follows:

## I. INTRODUCTION

1. This is an action for damages and equitable relief against Sirius Computer Solutions ("Sirius") for negligent misrepresentation, fraudulent inducement of employment and promissory estoppel. Diane David has been employed by Sirius since March 17, 2008, after she was actively recruited by Sirius's Colorado and Wyoming Area Sales Manager to leave her successful employment with Cornerstone Systems ("Cornerstone") and bring many of her most important account relationships with her to begin a career with Sirius as a Senior Account Executive. To Ms. David's dismay, the actual job opportunity with Sirius utterly failed to provide what Sirius had represented to her prior to taking the position. Sirius's misrepresentations and concealment of material facts, leaving Ms. David with a false impression of the anticipated employment terms and conditions, have caused Ms. David economic and non-economic damages.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to C.R.S. § 13-1-124(1)(a)-(b). This action is authorized and instituted pursuant to the common law of Colorado.

3. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c)(1). Defendant Sirius has a place of business in Arapahoe County.

## III. PARTIES

4. Plaintiff Diane David is a citizen of the United States and was at all relevant times a resident of, and domiciled in, the State of Colorado.

5. Defendant Sirius has an address of 7670 S. Chester Street, Suite 175, Englewood, CO 80112 and Corporate Headquarters located at 613 N.W. Loop 410, Suite 1000, San Antonio, TX 78216. Defendant Sirius is and has been at all times material hereto a corporation registered to do business under the laws of the State of Colorado.

## IV. FACTUAL ALLEGATIONS

6. Ms. David has been employed by Sirius since March 17, 2008, after she was actively recruited by Sirius's Colorado and Wyoming Area Sales Manager, Mark Peretsman, and Southwest Area Vice President of Sales, Becky Murphy, to leave her successful employment with her then-employer, Cornerstone Systems, Inc. ("Cornerstone"), and to begin a career with Sirius as a Senior Account Executive.

7. Ms. David had enjoyed a successful and lucrative sales career with Cornerstone, where her sales region encompassed the entire country, and the scope of her sales included large mainframe computer systems and related equipment, software, services, and maintenance. Thus, although Ms. David was based in Colorado, her Cornerstone accounts were located throughout the nation.

8. In 2007, Sirius began to pursue Ms. David with the stated intent of persuading her to leave Cornerstone and to put her outstanding sales abilities to use for the benefit of Sirius, while at the same time bringing her most important account relationships with her from Cornerstone.

9. During the initial meetings in 2007 with Mr. Peretsman and Ms. Murphy, Ms. David was very clear about her career goals, and informed both Mr. Peretsman and Ms. Murphy that if she decided to come to Sirius she needed to maintain her relationships with her current accounts, but also wanted to be able to increase her scope of sales outside of the mainframe area.

2

10. Mr. Peretsman assured Ms. David that at Sirius she would be able to expand the scope of her sales outside of the mainframe area and expand her existing customer base while continuing to service those clients whose business she brought to Sirius.

11. Ms. David informed Mr. Peretsman that she only had one Colorado account with Cornerstone. Mr. Peretsman specifically stated that Sirius wanted Ms. David to maintain her focus on her existing nation-wide client relationships, instead of building a Colorado territory.

12. Mr. Peretsman represented that, prior to making Ms. David an offer of employment, he needed to see her Cornerstone client list. Ms. David complied with this request and provided Mr. Peretsman with the copy of her client list, which included accounts located in all regions of the country, not just Colorado.

13. Mark Peretsman reviewed Ms. David's Cornerstone account list and specifically indicated that Ms. David would have no problem continuing to work with those accounts.

14. Based on these and other representations, Ms. David accepted employment with Sirius as a Senior Account Executive, and resigned her position with Cornerstone.

15. It was not long after Ms. David made the transition to Sirius that she became aware that the conditions of her employment were not as they had been represented to her. Almost immediately, sales managers in other areas began contesting Ms. David's right to maintain her accounts. Sirius then began a process of assigning accounts that Ms. David had brought with her from Cornerstone to other Sirius sales representatives located in the regions of the country where the customers were located, instead of allowing her to service the accounts, as she had been promised.

16. Ms. David repeatedly contacted her supervisors in an effort bring a resolution to these issues, but was frustrated time and again when she was required to turn over her accounts to various other sales representatives covering other territories. Ms. David also faced intimidation by Sirius management personnel and sales representatives from other regions regarding account coverage, which Sirius never addressed after complaints had been made by Ms. David.

17. In addition to taking accounts away from her, in certain cases, Sirius informed Ms. David that she was in fact going to be limited to selling large, mainframe systems and that she was not going to have the opportunity to sell outside of the mainframe area as she had previously been promised.

18. The loss of her previous accounts, and Sirius's limitation of the scope of her sales, significantly diminished Ms. David's ability to meet her sales goals and expected compensation. In addition, in January of 2010, Sirius reduced Ms. David's base salary and commission rate from what had been represented to her during the negotiation meetings.

19. Mr. Peretsman never informed Ms. David before she was hired that Sirius would place selling restrictions on her ability to service her Cornerstone accounts after signing with Sirius. Ms. David would not have accepted the position if she had been advised that she would be restricted and/or prevented from working with certain of her out-of-state Cornerstone accounts.

20. The actual job experienced by Ms. David did not match the job opportunity represented by Sirius in order to induce her to leave Cornerstone, and the actual job experience failed to provide what had been represented and promised to her. Sirius's misrepresentations and concealment of material facts, leaving Ms. David with a false impression of the anticipated employment terms and conditions, have caused Ms. David and her family significant financial losses and emotional strain.

## V. STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
### (Negligent Misrepresentation or Omission)

21. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

22. Defendant Sirius gave Ms. David false information (and/or omitted material information) about the terms and conditions of her employment with Sirius, including Ms. David's ability to continue to service the accounts she brought with her from Cornerstone, and her ability to sell outside of the mainframe area to these accounts.

23. Defendant Sirius gave Ms. David the false information (and/or omitted material information) in the course of inducing Ms. David to accept a position with Sirius as a Senior Account Executive and forgo her lucrative position with Cornerstone.

24. Defendant Sirius was at least negligent in obtaining or communicating (and/or failing to disclose) the information, in that making these misrepresentations fell below the standard of reasonable care of a prospective employer under these circumstances.

25. Defendant Sirius gave the information (and/or failed to disclose material information) with the intent or knowing that Ms. David would act or decide not to act in reliance on the information.

26. Ms. David reasonably relied upon the information given to her by Defendant Sirius and accepted the position as a Senior Account Executive with Sirius and quit her job with Cornerstone.

27. This reliance on the information supplied by Defendant Sirius caused damage to Ms. David.

28.     Due to Defendant Sirius's negligent misrepresentations and/or omissions, Ms. David has been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Inducement)

29.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

30.     In order to induce Ms. David to accept a position as a Senior Account Executive with Sirius and quit her job with Cornerstone, Defendant represented to Ms. David that she would be able to continue to service her then-existing Cornerstone clients which she brought with her to Sirius and she would be allowed to sell outside of the mainframe area, as described more fully in this Complaint.

31.     Defendant Sirius did not, in fact, intend to allow Ms. David to be able to continue to service her then-existing Cornerstone clients which she brought with her to Sirius, nor did Defendant Sirius intend to allow Ms. David to sell outside of the mainframe area, and in fact enticed her to accept the position with Sirius and quit her job with Cornerstone with the intention of subsequently prohibiting her from servicing those accounts.

32.     Defendant Sirius failed to disclose to Ms. David their intent to limit her area of sales and the scope of her sales and accounts.

33.     At the time Defendant Sirius made those representations (or knowingly failed to disclose material facts), Sirius knew that the representations were false, or made the representation in reckless disregard of their truth or falsity. Defendant Sirius failed to disclose the concealed facts with the intent of creating a false impression of the actual facts in Ms. David's mind.

34.     Defendant Sirius made such material misrepresentations (and/or omissions) with the knowledge that the representations, omissions, or promises would induce Ms. David to rely on them, including her deciding to accept the position with Sirius and quit her job with Cornerstone.

35.     Defendant Sirius knew Ms. David was unaware that such representations or promises were false, or that Defendant had failed to disclose material facts.

36.     Defendant Sirius intended Ms. David to rely on the false representations and promises (and/or omissions) to induce her to accept the position with Sirius and quit her job with Cornerstone.

37. Ms. David relied on the false representations, promises, and/or omissions, which resulted in substantial economic damages and other injuries, damages and losses, including emotional distress and suffering.

38. Defendant Sirius's actions were willful and wanton and made in reckless disregard for the well-being of Ms. David.

### THIRD CLAIM FOR RELIEF
### (Promissory Estoppel)

39. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

40. Defendant represented to Ms. David that Defendant would hire Ms. David as a Senior Account Executive and allow her to continue to service her existing sales accounts and sell outside the mainframe area, in exchange for Ms. David resigning her employment with Cornerstone, coming to work for Sirius and transitioning her Cornerstone accounts to Sirius so that Ms. David could service these accounts for Sirius.

41. Defendant should reasonably have expected Ms. David to consider Defendant's representation as a commitment to which Defendant would adhere.

42. Ms. David reasonably relied on Defendant's representation to her detriment. In reliance on Defendant's representation, Ms. David quit her lucrative sales position at Cornerstone to accept employment with Defendant.

43. Following Ms. David's reliance on Defendant's representation, Defendant failed to fulfill its promise and allow Ms. David to service her accounts. Instead Defendant took the accounts away from Ms. David and gave them to other Sirius employees located in regions outside of Colorado.

44. Injustice can be avoided only by enforcement of Defendant's representation.

45. As a proximate result of Defendant's actions, Plaintiff suffered and continues to suffer significant injuries, damages and losses, including attorney fees to enforce the promise breached by Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award her all relief as allowed by law, including, but not limited to, the following:

        a. Appropriate equitable relief including but not limited to declaratory and injunctive remedies;

    b. Actual economic damages as established at trial;

    c. Compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

    d. Pre-judgment and post-judgment interest at the highest lawful rate;

    e. Attorney's fees and costs; and

    f. Such further relief as justice requires or the law allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 14th day of June 2011.

    KILLMER, LANE & NEWMAN, LLP

    Darold W. Killmer #16056
    Sara J. Rich # 36904
    1543 Champa Street, Suite 400
    Denver, Colorado 80202
    (303) 571-1000

    ATTORNEYS FOR PLAINTIFF