Case 1:11-cv-02030-RPM   Document 99   Filed 04/17/15   USDC Colorado   Page 1 of 3

Case 1:11-cv-02030-RPM   Document 99   Filed 04/17/15   USDC Colorado   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02030-RPM

DIANE DAVID,

    Plaintiff,

v.

SIRIUS COMPUTER SOLUTIONS, INC.

    Defendant.

## AWARD OF PREJUDGMENT INTEREST

On December 10, 2013, at the conclusion of a seven-day jury trial, the jury returned a verdict in favor of the Plaintiff on her claim of negligent misrepresentation and awarded damages in the amount of $231,665.00 for past and/or future "economic losses or injuries." On December 11, 2013, judgment entered in that amount, with post-judgment interest accruing at the legal rate of 0.13%.

On December 26, 2013, Sirius paid $231,677.38 to the Plaintiff.

The Plaintiff filed a timely post-trial motion to amend the judgment to include prejudgment interest pursuant to C.R.S. § 13-2-101. That motion was denied, and the Plaintiff appealed.

In its opinion dated March 10, 2015, the Tenth Circuit Court of Appeals held that the Plaintiff is entitled to an award of prejudgment interest pursuant to C.R.S. § 13-21-101 and remanded the case for an award of prejudgment interest. The mandate issued on April 1, 2015.

Upon remand, this Court entered an order requiring the parties to submit an agreed calculation of the prejudgment interest to be awarded or, if they are unable to agree, to submit their respective calculations and reasons for the difference.

The parties disagree about when prejudgment interest began to accrue and whether prejudgment interest ceased to accrue after judgment entered on December 11, 2013.

C.R.S. § 13-21-101(1) provides in pertinent part:

> (1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed....

According to the language of the statute, the Plaintiff is entitled to prejudgment interest from the date the action accrued. The Plaintiff has submitted evidence showing that her claim of negligent misrepresentation accrued on March 17, 2008, when she began working for the Defendant.

The rules for calculating prejudgment interest set forth in C.R.S. § 13-21-21-101 do not apply after judgment entered on December 11, 2013. In this diversity action, postjudgment interest is governed by 28 U.S.C. § 1961.

The Plaintiff is entitled to prejudgment interest for the period from March 17, 2008, through December 11, 2013.

C.R.S. § 13-21-101(1) provides for the recovery of simple interest from the date the action accrued through the date the suit was filed, and for the period after the suit was filed, interest is compounded annually. *See Francis ex rel. Goodridge v. Dahl*, 107 P.3d. 1171, 1176 (Colo. App. 2005); *see also* John W. Grund et al., *Personal Injury Practice – Torts and Insurance,* 8 WEST'S COLO. PRACTICE SERIES § 40:3 (3d ed.) and 8A WEST'S COLO. PRACTICE SERIES App. K.

For the period from March 17, 2008 through June 14, 2011, prejudgment interest on the principal amount of $231,665.00 accrued at the rate of 9% simple interest and amounts to $67,633.23.  For the period from June 15, 2011 through December 11, 2013, interest on the adjusted principal amount of $299,298.23 accrued at the rate of 9% compound and amounts to $71,992.72.  The Plaintiff is awarded prejudgment interest in the total amount of $139,625.95.

Accordingly, it is

ORDERED that Plaintiff Diane David shall have and recover from Defendant Sirius Computer Solutions, Inc. the amount of $139,625.95 as an award of prejudgment interest.

Dated:  April 17, 2015

                                                BY THE COURT:

                                                s/Richard P. Matsch

                                                _____

                                                Richard P. Matsch, Senior Judge